UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARRY COBB | * | CIVIL ACTION 2:17-cv-01430 |
| | * | |
| versus | * | Judge Nannette Jolivette Brown |
| | * | |
| ILLINOIS CENTRAL RAILROAD | * | |
| | * | Mag. Daniel E. Knowles, III |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT ILLINOIS CENTRAL RAILROAD'S**
**ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant Illinois Central Railroad Co., inaccurately named as "Illinois Central Railroad AKA Canadian National Railroad Company," as and for its Answer and Affirmative and Additional Defenses to the Petition for Damages ("Complaint") of Plaintiff Barry Cobb ("Plaintiff"), states and alleges as follows:

**ANSWER**

Defendant admits that Plaintiff purports to proceed as set forth in the Paragraph preceding Section I of the Complaint, but denies that there is any basis in law or fact for the Complaint. Unless otherwise and expressly admitted or otherwise qualified in this Answer, Defendant denies each and every allegation contained in Plaintiff's Complaint.

**<u>SECTION I</u>**

Defendant admits, upon information and belief, that Plaintiff resides in the State of Louisiana and is a person of African-American descent.

Defendant admits that Illinois Central Railroad Co. is a corporation doing business in the Parish of Jefferson, State of Louisiana, and is an employer in accordance with Title VII and the provisions of 42 U.S.C. Section 1981.

Defendant denies each and every remaining allegation contained in Section I of the Complaint.

## SECTION II

Defendant admits the allegations contained in Section II.

## SECTION III

Defendant admits that on or about September 5, 2014, Plaintiff was formally charged and required to attend an investigation regarding an incident the day before, and that at the time, Plaintiff worked at Defendant's Mays Yard in Parish of Jefferson, Louisiana. Defendant denies each and every remaining allegation contained in Section III of the Complaint.

## SECTION IV

Defendant admits that the investigation into the incident of September 4, 2014 resulted in the conclusion that Plaintiff had violated Air Brake and Train Handling Rules ("ABTH") – Rule 300 – Train Handling General Procedures, ABTH – Rule 316 – Starting Train, United States Operating Rules ("USOR") – Rule 0104 – Duties of Train and Engine Crew Members, and USOR – Rule 0501 - Speed. Defendant denies each and every remaining allegation contained in Section IV of the Complaint.

## SECTION V

Defendant admits that it dismissed Plaintiff from service, in consideration of the September 4, 2014 incident, the proven rule violations, and Plaintiff's past discipline record. Defendant denies each and every remaining allegation contained in Section V of the Complaint.

## SECTION VI

Section VI is no longer applicable, because this matter has been removed to federal court. Defendant admits that it does business in Jefferson Parish, Louisiana and that venue is proper in this Court.

**SECTION VII**

Defendant admits that during the September 4, 2014 incident, Plaintiff was accompanied by a conductor and engineer trainee, and that on that day, the train was operated at a speed well in excess of the 25 mile per hour slow order that was in effect from mile post 786.4 through 786 on the McComb Subdivision. Defendant denies each and every remaining allegation contained in Section VII of the Complaint.

**SECTION VIII**

Defendant admits the allegations contained in Section VIII of the Complaint.

**SECTION IX**

Defendant admits that Plaintiff was responsible for the September 4, 2014 incident, and denies each and every remaining allegation contained in Section IX of the Complaint.

**SECTION X**

Defendant admits that Plaintiff acknowledged his rule violations, and admits that on May 23, 2016, the Public Law Board ordered that Plaintiff be reinstated. Defendant denies each and every remaining allegation contained in Section X of the Complaint.

**SECTION XI**

Defendant admits that it dismissed Plaintiff from service. Defendant denies each and every remaining allegation contained in Section XI of the Complaint.

**SECTION XII**

Defendant admits that Plaintiff purports to bring claims for race discrimination and retaliation in violation of Title VII and 42 U.S.C. Section 1981. Defendant denies that it discriminated or retaliated against Plaintiff, denies that Plaintiff is entitled to any relief, and denies each and every remaining allegation contained in Section XII of the Complaint.

**SECTION XIII**

Defendant denies the allegations contained in Section XIII of the Complaint.

**SECTION XIV**

Defendant denies the allegations contained in Section XIV of the Complaint.

**SECTION XV**

Defendant denies the allegations contained in Section XV of the Complaint.

**SECTION XVI**

Defendant denies the allegations contained in Section XVI of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendant restates its responses to the allegations contained in Section I through Section XVI of the Complaint as if fully set forth herein.

Plaintiff's PRAYER FOR RELIEF and WHEREFORE provision contain allegations to which a response is not required, but to the extent that a response may be required, Defendant denies that Plaintiff is entitled to any relief whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff.

**AND FURTHER ANSWERING;**

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

1.

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.

Insofar as Plaintiff seeks to recover relief (a) for alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination and (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination.

3.

Plaintiff's claims are barred, in whole or in part, by his failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

4.

To the extent Plaintiff has failed to exhaust his administrative remedies, his claims for relief are barred.

5.

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred.

6.

The employment decisions about which Plaintiff complains were based on reasonable factors and not discriminatory or retaliatory animus.

7.

Defendant, at all times relevant to this action, has acted in good faith toward Plaintiff and acted in compliance with all applicable laws.

8.

Any action taken by Defendant was reasonably necessary for the normal operation of its business and was based on legitimate business reasons and not discriminatory or retaliatory animus.

9.

Plaintiff is barred from recovering a remedy to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in his

termination by, or would have precluded him from obtaining employment with Defendant had Defendant discovered such conduct.

10.

Plaintiff's claims are barred in whole or in part because Plaintiff failed, or refused and/or neglected, to mitigate or avoid any damages or injuries he claims to have suffered.

11.

Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, punitive, or other damages against Defendant.

12.

Plaintiff's claims for compensatory and punitive damages are limited by the applicable limitations on such damages.

13.

To the extent that Plaintiff has suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendant.

14.

Defendant's personnel actions were not taken because of an intent to discriminate based upon race, or any other protected category.

15.

Plaintiff's claims are barred in whole or in part by the equitable defenses of laches, waiver, ratification, estoppel, and/or unclean hands.

16.

To the extent any alleged intentional discriminatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and contrary to Defendant's good faith efforts to comply with federal law.

17.

Defendant alleges, on information and belief, that any recovery by Plaintiff, or alternatively, portions of any recovery, are barred by the doctrine of after-acquired evidence.

18.

Plaintiff's claims of discrimination fail to establish the necessary element for a legal claim upon which relief may be granted and, accordingly, should be dismissed.

19.

Plaintiff's claim for retaliation fails to establish the necessary elements for a legal claim upon which relief may be granted and, accordingly, should be dismissed.

20.

Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendant respectfully requests the Court grant the following relief:

A. Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

B. Awarding Defendant its attorneys' fees, costs, and disbursements, as appropriate; and

C. Directing such other relief as the Court deems just and equitable.

Respectfully submitted,
/s/ Bradley R. Belsome

Bradley R. Belsome
LA Bar No. 27958
bbelsome@bradleyfirm.com
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras, Suite 2700
New Orleans, LA 70163
Telephone: 504.596-6300
Facsimile: 504.596.6301

ATTORNEY FOR DEFENDANT
ILLINOIS CENTRAL RAILROAD CO.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February, 2017, I served a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES** via the Court's CM/ECF System, email and certified mail, return receipt requested, upon the following counsel of record for plaintiff Barry Cobb:

Morris W. Reed
4919 Canal Street, Suite 304
New Orleans, LA 70119

/s/ Bradley R. Belsome

Firmwide:145702421.1 046769.1299
2/7/17